J-S17044-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MATTHEW SHELTON PARKER | : | |
| | : | |
| Appellant | : | No. 1424 WDA 2022 |

Appeal from the PCRA Order Entered November 1, 2022
In the Court of Common Pleas of Butler County
Criminal Division at No(s): CP-10-CR-0000052-2017

BEFORE: LAZARUS, J., OLSON, J., and KING, J.

MEMORANDUM BY KING, J.: **FILED: DECEMBER 12, 2023**

Appellant, Matthew Shelton Parker, appeals from the order entered in the Butler County Court of Common Pleas, which denied his petition for collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546. We affirm and grant counsel's petition to withdraw.

The relevant facts and procedural history of this case are as follows. Over several years, Appellant repeatedly propositioned and sexually abused his minor daughter ("Victim"). Appellant raped Victim twice around the time of her sixteenth birthday. Victim ultimately revealed the abuse to her school guidance counselor, who reported the abuse to the Department of Human Services. The Commonwealth subsequently charged Appellant with multiple crimes for sex abuse against Victim.

On February 28, 2018, a jury convicted Appellant of two counts of rape,

aggravated indecent assault, corruption of minors, endangering the welfare of a child, and three counts of indecent assault. On July 31, 2018, the court sentenced Appellant to an aggregate term of 148 to 296 months' incarceration, plus 60 months' probation. The court also gave Appellant notice of his sex offender reporting requirements. This Court affirmed the judgment of sentence on May 8, 2019, and our Supreme Court denied allowance of appeal on February 8, 2021. *See Commonwealth v. Parker*, 217 A.3d 381 (Pa.Super. 2019) (unpublished memorandum) ("*Parker I*"), *appeal denied*, ___ Pa. ___, 244 A.3d 1224 (2021).

Appellant filed his first, counseled PCRA petition on March 1, 2021, asserting claims of trial counsel's ineffectiveness.[1] Following a PCRA hearing, on May 6, 2021, the court entered an order finding that Appellant's failure to call trial counsel to testify at the evidentiary hearing precluded Appellant from establishing that counsel lacked a reasonable basis for his actions at trial. Therefore, the PCRA court denied relief. Appellant filed a notice of appeal to this Court. While the appeal was pending, however, Appellant filed an application for relief, requesting that this Court remand the case to the PCRA court for the appointment of new counsel.

On January 18, 2022, this Court granted Appellant's request and

---

[1] We refer to the attorney who filed Appellant's original PCRA petition as "first PCRA counsel."

remanded the case to the PCRA court for appointment of new PCRA counsel.[2] We retained jurisdiction and directed that second PCRA counsel file either a supplemental brief or a **Turner**/**Finley**[3] "no merit" letter with this Court. The PCRA court appointed second PCRA counsel, who filed a "no merit" letter and application to withdraw with this Court on April 18, 2022.

On May 26, 2022, this Court issued an order denying second PCRA counsel's request to withdraw and directing second PCRA counsel to address Appellant's assertion of ineffective assistance of first PCRA counsel for failing to present trial counsel's testimony at the evidentiary hearing. Second PCRA counsel then filed a brief on Appellant's behalf asserting one issue—whether first PCRA counsel was ineffective for failing to call trial counsel as a witness at the PCRA evidentiary hearing. This Court agreed that first PCRA counsel was ineffective for failing to call trial counsel as a witness, and, on July 1, 2022, this Court vacated the order denying PCRA relief and remanded the matter for a supplemental hearing to address Appellant's claims of ineffective assistance of trial and first PCRA counsel. **See Commonwealth v. Parker**, 283 A.3d 337 (Pa.Super. 2022) (unpublished memorandum) ("**Parker II**").

On remand, the PCRA court scheduled a hearing and granted Appellant

---

[2] We refer to this attorney, who represented Appellant on appeal from the denial of PCRA relief, as "second PCRA counsel."

[3] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

leave to file a supplemental petition. Appellant filed a counseled supplemental petition on September 6, 2022. On October 25, 2022, the court conducted a PCRA hearing. Appellant called trial counsel as a witness, and trial counsel explained his reasoning for his actions at trial. By order docketed November 1, 2022, the PCRA court denied relief. Appellant filed a notice of appeal on December 2, 2022.[4] Pursuant to the PCRA court's order, Appellant filed a concise statement of errors complained of on appeal on December 28, 2022.

As a preliminary matter, second PCRA counsel has filed a motion to withdraw in this Court and a **Turner**/**Finley** brief. Before counsel can be permitted to withdraw from representing a petitioner under the PCRA, Pennsylvania law requires counsel to file a "no-merit" brief or letter pursuant to **Turner** and **Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940 (Pa.Super. 2003).

> [C]ounsel must…submit a "no-merit" letter to the [PCRA]
> court, or brief on appeal to this Court, detailing the nature

---

[4] Appellant filed his notice of appeal one day beyond the 30-day appeal period. However, at the conclusion of the PCRA hearing, the court advised Appellant that the record would be transmitted back to this Court. Further, the PCRA court's order denying relief did not provide any instructions to Appellant regarding his appellate rights. Appellant filed the notice of appeal only after reviewing the docket and discovering that the record had been returned from this Court because no appeal was pending. Under these circumstances, we discern a breakdown in the operations of the court, where Appellant was not advised of his appeal rights, and we may excuse the untimely notice of appeal. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa.Super. 2007) (stating: "The courts of this Commonwealth have held that a court breakdown occurred in instances where the trial court, at the time of sentencing, either failed to advise [appellants] of [their] post-sentence and appellate rights or misadvised [them]").

and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super. 2007). Counsel must also send to the petitioner a copy of the "no-merit" letter or brief and motion to withdraw and advise petitioner of his right to proceed *pro se* or with privately retained counsel. *Id.* "Substantial compliance with these requirements will satisfy the criteria." *Karanicolas, supra* at 947.

Instantly, second PCRA counsel filed a motion to withdraw as counsel and a *Turner*/*Finley* brief detailing the nature of counsel's review and explaining why Appellant's issues lack merit. Counsel's brief also demonstrates that counsel reviewed the certified record and found no meritorious issues for appeal. Counsel notified Appellant of the request to withdraw and advised Appellant regarding his rights.[5] Thus, counsel substantially complied with the *Turner*/*Finley* requirements. *See Wrecks, supra*; *Karanicolas, supra*. We turn next to the issues raised in the *Turner*/*Finley* brief.

---

[5] Counsel's initial letter advising Appellant of his right to proceed *pro se* improperly framed his ability to respond as contingent on this Court's ruling on the motion to withdraw. Nevertheless, counsel filed a copy of the revised and corrected letter sent to Appellant that correctly instructed Appellant that he had the immediate right to respond *pro se* or to retain private counsel to respond to the motion to withdraw.

Counsel raises the following issues on Appellant's behalf:[6]

> 1. Direct appeal counsel failed to file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court on Appellant's behalf.
>
> 2. Initial PCRA counsel failed to raise an issue concerning trial counsel's failure to file a **Franks**[7] motion.
>
> 3. Appellant's arrest lacked probable cause.
>
> 4. Because the Commonwealth relied solely upon hearsay at his preliminary hearing, **McClelland**[8] requires dismissal of his charges.
>
> 5. Trial counsel was ineffective for failing to challenge the validity of the CYS determination that the allegations were "founded," and to contest the fact that police filed charges based upon a "video made by CYS with no corroboration."
>
> 6. The evidence was insufficient to support his convictions because the Commonwealth did not sufficiently establish the date of the offense.
>
> 7. A **Brady**[9] violation occurred concerning a statement by Appellant's ex-wife that Appellant alleges should have been produced sooner.
>
> 8. The trial court erred in reading instruction 4.13(b) to the jury.
>
> 9. [Trial c]ounsel was ineffective for failing to challenge the weight and sufficiency of evidence in post-sentence

---

[6] The **Turner**/**Finley** brief does not include a separate section listing the questions presented. However, the argument section is divided into separate sections by issue. We have listed the issues raised in those arguments.

[7] **Franks v. Delaware**, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).

[8] **Commonwealth v. McClelland**, 660 Pa. 81, 233 A.3d 717 (2020).

[9] **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

motions.

10. The trial court erred in impeding cross examination of the alleged victim and, in doing so, denied Appellant his right to confrontation of his accuser.

11. The court erred in admitting evidence of prior bad acts, and trial counsel's failure to seek a cautionary instruction for this evidence amounted to ineffective assistance of counsel.

(*Turner*/*Finley* Brief, at 5-21).[10]

This Court has explained:

Our standard of review of the denial of a PCRA petition is limited to examining whether the evidence of record supports the court's determination and whether its decision is free of legal error. *Commonwealth v. Conway*, 14 A.3d 101 (Pa.Super. 2011), *appeal denied*, 612 Pa. 687, 29 A.3d 795 (2011). This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. *Commonwealth v. Boyd*, 923 A.2d 513 (Pa.Super. 2007), *appeal denied*, 593 Pa. 754, 932 A.2d 74 (2007). We do not give the same deference, however, to the court's legal conclusions. *Commonwealth v. Ford*, 44 A.3d 1190 (Pa.Super. 2012). "A PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 600 Pa. 329, 356, 966 A.2d 523, 539 (2009).

*Commonwealth v. Mullen*, 267 A.3d 507, 511 (Pa.Super. 2021), *appeal denied*, ___ Pa. ___, 275 A.3d 488 (2022).

---

[10] Appellant filed a *pro se* response to the no-merit brief. (*See* Itemized List of Errors from Counsel's Brief, filed 4/3/23, at 1-3). In this response, Appellant provided more detailed argument on the issues raised in the *Turner*/*Finley* Brief. Although he has not drafted a separate brief or argument section discussing those issues, we have considered the arguments he raised together with that of counsel's discussion of those particular points.

As a preliminary matter, we must determine whether Appellant's claims are cognizable under the PCRA. The PCRA provides the following:

**§ 9543. Eligibility for relief**

**(a) General rule.**—To be eligible for relief under this subchapter, the petitioner must plead and prove by a preponderance of the evidence all of the following:

\* \* \*

(2) That the conviction or sentence resulted from one or more of the following:

(i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

(iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

(3) That the allegation of error has not been previously litigated or waived.

(4) That the failure to litigate the issue prior to or during trial, during unitary review or on direct appeal could not have been the result of any rational, strategic or tactical decision by counsel.

42 Pa.C.S.A. § 9543(a)(2-4). "For purposes of this subchapter, an issue is waived if the petitioner could have raised it but failed to do so before trial, during unitary review, on appeal or in a prior state postconviction proceeding."

42 Pa.C.S.A. § 9544(b).

Furthermore, as our Supreme Court has explained:

PCRA claims are not merely direct appeal claims that are made at a later stage of the proceedings, cloaked in a boilerplate assertion of counsel's ineffectiveness. In essence, they are extraordinary assertions that the system broke down. To establish claims of constitutional error or ineffectiveness of counsel, the petitioner must plead and prove by a preponderance of evidence that the system failed (*i.e.*, for an ineffectiveness or constitutional error claim, that in the circumstances of his case, including the facts established at trial, guilt or innocence could not have been adjudicated reliably), that his claim has not been previously litigated or waived, and where a claim was not raised at an earlier stage of the proceedings, that counsel could not have had a rational strategic or tactical reason for failing to litigate these claims earlier.

*Commonwealth v. Rivers*, 567 Pa. 239, 249, 786 A.2d 923, 929 (2001). In addition, our Supreme Court has explained:

[R]eview of the issue of ineffectiveness of trial counsel is merely a component of the claim at issue—that challenging the effectiveness of appellate counsel. Therefore, to demonstrate that a "layered" claim of appellate counsel's ineffectiveness has arguable merit, the petitioner must develop all three prongs of the *Pierce*[11] test as to the ineffectiveness of trial counsel. Stated differently, if the petitioner fails to develop any of the three *Pierce* prongs regarding the underlying issue of trial counsel ineffectiveness, he or she will have failed to establish the arguable merit prong of the claim of appellate counsel's ineffectiveness. Only when the petitioner has adequately pled and presented the ineffectiveness of trial counsel pursuant to the *Pierce* test will this Court proceed to review the layered claim to determine whether he or she has proven appellate counsel's ineffectiveness.

*Commonwealth v. Brown*, 582 Pa. 461, 474, 872 A.2d 1139, 1146 (2005) (citations and footnotes omitted).

Instantly, Appellant's third, fourth, sixth, seventh, eighth and tenth issues are not cognizable under the PCRA. Specifically, these are all issues that Appellant could have raised on direct appeal, but he failed to do so.[12] *See* 42 Pa.C.S.A. §§ 9544(b); 9543(a)(3). Although Appellant generally asserted that counsel was ineffective, he does not plead any prong of the

_____

[11] *Commonwealth v. Pierce*, 515 Pa. 153, 527 A.2d 973 (1987).

[12] Appellant's tenth issue was raised on direct appeal. *See Parker I, supra* (alleging on direct appeal that court erred when it impeded impeachment during cross-examination of alleged victim). On direct appeal, this Court found the issue waived for trial counsel's failure to object at trial to the Commonwealth's use of the audio tape of Victim's forensic statement. Moreover, this Court decided the issues merited no relief in any event where the trial court did not instruct the Commonwealth to use any particular procedure regarding the forensic interview. *See id.*

- 10 -

ineffective test for trial or appellate counsel concerning these claims. **See Rivers, supra** at 250 n.3, 786 A.2d at 929 n.3 (observing that "boilerplate assertion that any waiver is overcome by ineffectiveness of counsel in not raising the claim earlier is insufficient"). Therefore, we agree with counsel that these issues are frivolous.

Similarly, Appellant fails to develop the three prongs of the ineffectiveness test for his second, fifth, and ninth issues, which purport to challenge trial counsel and appellate counsel's ineffectiveness. **See Brown, supra**; **Rivers, supra**. Thus, these issues are also frivolous.

Next, we address the remaining two issues in the **Turner**/**Finley** brief and Appellant's *pro se response.* In the first of these (Appellant's first issue on appeal), Appellant purports to challenge direct appeal counsel's ineffectiveness for failing to file a petition for allowance of appeal following Appellant's direct appeal. Nevertheless, as counsel notes, and Appellant agrees, although direct appeal counsel had originally failed to file a petition for allowance of appeal, the right to do so was later restored *nunc pro tunc* and Appellant ultimately filed a petition for allowance of appeal *nunc pro tunc*, which the Supreme Court denied. Thus, Appellant is not entitled to relief on this ground.

In Appellant's final issue (his eleventh issue on appeal), Appellant claims first PCRA counsel was ineffective for failing to raise trial counsel's ineffectiveness for failing to object to the introduction of prior bad acts

evidence and failing to seek a cautionary instruction concerning its admission.

Pennsylvania law presumes counsel has rendered effective assistance. **Commonwealth v. Williams**, 597 Pa. 109, 950 A.2d 294 (2008). To obtain relief on a claim of ineffective assistance of counsel, a petitioner must rebut that presumption and demonstrate that counsel's performance was deficient, and that such performance prejudiced him. **Strickland v. Washington**, 466 U.S. 668, 687-91, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

> To plead and prove ineffective assistance of counsel a petitioner must establish: (1) that the underlying issue has arguable merit; (2) counsel's actions lacked an objective reasonable basis; and (3) actual prejudice resulted from counsel's act or failure to act. **Commonwealth v. Chmiel**, 612 Pa. 333, 30 A.3d 1111, 1127 (2011). Where the defendant asserts a layered ineffectiveness claim he must properly argue each prong of the three-prong ineffectiveness test for each separate attorney. **Id.** at 1128; **see also Commonwealth v. Reyes**, 582 Pa. 317, 870 A.2d 888 (2005); **Commonwealth v. McGill**, 574 Pa. 574, 832 A.2d 1014 (2003).
>
> Layered claims of ineffectiveness "are not wholly distinct from the underlying claims[,]" because "proof of the underlying claim is an essential element of the derivative ineffectiveness claim[.]" [**Commonwealth v. Collins**, 585 Pa. 45, 78, 888 A.2d 564, 584 (2005)] (Saylor, J. concurring); **Reyes, supra** at 896 (proving three prong ineffectiveness test for trial counsel establishes arguable merit to appellate counsel's ineffectiveness). "In determining a layered claim of ineffectiveness, the critical inquiry is whether the first attorney that the defendant asserts was ineffective did, in fact, render ineffective assistance of counsel. If that attorney was effective, then subsequent counsel cannot be deemed ineffective for failing to raise the underlying issue." [**Commonwealth v. Burkett**, 5 A.3d 1260, 1270 (Pa.Super. 2010)].

**Commonwealth v. Rykard**, 55 A.3d 1177, 1189–90 (Pa.Super. 2012),

*appeal denied*, 619 Pa. 714, 64 A.3d 631 (2013).

Our Supreme Court has explained that the introduction of prior bad acts creates the "potential for misunderstanding on the part of the jury," and often gives rise to a cautionary instruction explaining the limited purpose for which the evidence has been admitted. ***Commonwealth v. Weiss***, 622 Pa. 663, 716, 81 A.3d 767, 798 (2013), *abrogated in part by **Commonwealth v. Yale***, ___ Pa. ___, 249 A.3d 1001 (2021).

> In the context of an ineffectiveness claim, counsel's failure to request a cautionary instruction regarding evidence of other crimes or prior bad acts does not constitute *per se* ineffectiveness; "[r]ather, in order to obtain relief under such a claim, a defendant must still satisfy each of the three prongs of the test for ineffective assistance of counsel." ***Commonwealth v. Buehl***, 540 Pa. 493, 658 A.2d 771, 778 (1995) (plurality). With regard to the reasonable basis prong of this test, it is incumbent on the petitioner to demonstrate that counsel's chosen course of action had no reasonable basis designed to effectuate his client's interests. ***See, e.g.,*** [***Commonwealth v. Chmiel***, 585 Pa. 547, 624, 889 A.2d 501, 547 (2005)] (holding that based on trial counsel's PCRA testimony, counsel had a reasonable basis for declining to request a limiting instruction). When the petitioner is granted a PCRA hearing, it is his burden to satisfy this aspect of the test with direct questioning of trial counsel. ***See Commonwealth v. Koehler***, 614 Pa. 159, 36 A.3d 121, 146 (2012) (faulting a PCRA petitioner for declining to question trial counsel at the PCRA hearing about the lack of a strategic basis for failing to object).

***Id.*** at 716, 81 A.3d at 798–99. "It is well-settled law that the decision whether to seek a jury instruction implicates a matter of trial strategy." ***Commonwealth v. Johnson***, 179 A.3d 1105, 1119 (Pa.Super. 2018) (citing ***Commonwealth v. Lesko***, 609 Pa. 128, 221, 15 A.3d 345, 401 (2011)).

Instantly, we initially note that Appellant raised on direct appeal a challenge to admission of the prior bad acts evidence. *See Parker I, supra* (in which Appellant raised as first issue on direct appeal whether court erred by admitting prior bad acts and by failure to offer curative instruction and/or jury charge). In disposing of this claim, this Court held that the evidentiary issue was waived for trial counsel's failure to object to admission of the evidence. Nevertheless, this Court explained that the claim would merit no relief in any event where the challenged evidence was admissible under the *res gestae* exception. *See id.* Consequently, Appellant cannot establish prejudice concerning his claim of trial counsel's ineffectiveness in failing to challenge admission of the prior bad acts evidence, and Appellant's layered claim of ineffectiveness would likewise fail. *See Rykard, supra*.

Regarding the failure to request a cautionary instruction, this Court on appeal deemed any challenge to the court's failure to issue a cautionary instruction waived for trial counsel's failure to request one. *See Parker I, supra*. At the PCRA hearing, trial counsel testified that Appellant's trial strategy included using the bad acts evidence as a way to impeach Victim's credibility. Specifically, Appellant planned on countering the bad acts evidence—Victim's testimony that he had sexually abused her on a trip to Florida—with photographs from the trip that he argued showed them happy together. Appellant intended to show that the Florida abuse was fabricated, and therefore, convince the jury that the abuse underlying the instant charges

must have been fabricated as well. (**See** N.T. PCRA Hearing, 10/25/22, at 5-9). Accordingly, trial counsel did not want to limit use of the evidence because he would be using it to form the basis of his defense. The PCRA court found that trial counsel's choice not to request the cautionary instruction was a matter of trial strategy, and counsel had a reasonable basis for the decision to forego seeking the instruction. The record supports the court's finding that trial counsel had a reasonable strategy for counsel's actions. **See Rykard, supra**. Thus, Appellant's layered claim of appellate counsel's ineffectiveness also fails. **See id.**

Following our independent review of the record, we agree with counsel that the appeal is frivolous. **See Rykard, supra** (explaining that in ruling on whether counsel may withdraw, court must conduct its own independent evaluation of record and agree with counsel that petition is without merit). Accordingly, we affirm the order denying PCRA relief and grant counsel's petition to withdraw.

Order affirmed. Counsel's petition to withdraw is granted.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 12/12/2023

- 15 -